FILED

[illegible]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS   2003 JA 29   PM 3: 37
AUSTIN DIVISION

U.S. CLERK [illegible]

BY _____

| | | |
|---|---|---|
| DETEX CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. |
| | § | **A03 CA -47 JN** |
| RICK STONE D/B/A DETEX | § | |
| COINS A/K/A DETEX CO. a/k/a/ | § | |
| DETEX COMPANY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Detex Corporation, by and through its attorneys Taylor & Dunham, L.L.P., and for its Original Complaint, states as follows:

### I. PARTIES

1.      Plaintiff Detex Corporation ("DETEX") is a citizen of the State of Delaware whose principal place of business is located in New Braunfels, Texas.  DETEX is located and has its primary place of business within this judicial district.

2.      Defendant Rick Stone is a citizen of the State of Florida who can be served with process at 3211 Calle Largo, Hollywood, FL 33020.  Defendant Stone does business as Detex Coins a/k/a Detex Co. a/k/a Detex Company.  Defendant does business in this judicial district.

### II. JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this lawsuit because the action arises under the Federal Trademark Act.  *See* 15 U.S.C. §§ 1051 - 1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121.  Supplemental jurisdiction over the state law causes of action is appropriate under 28 U.S.C. § 1367, as those claims are substantially related to the federal claims

over which the Court has original jurisdiction. Venue is proper under 28 U.S.C. § 1391(b) in that

Defendant is doing and transacting business and has committed the tortious acts complained of in

this judicial district.

## III. STATEMENT OF FACT

4.    DETEX has its origins in a predecessor company established in the 1870's by A.A.

Newman to manufacture and sell stationary watchclocks. In 1923, the Newman Clock Company was

consolidated with Watchman's Clock and Supply Company, Eco Clock Company, and the Watch

Clock Division of Hardinge Brothers, Inc. and adopted the name Newman Watchclock Corporation.

A few months later the name was changed to Detex Watchclock Corporation to emphasize to

existing Hardinge and Eco users that the company wasn't the old Newman Clock Company. Detex

Corporation has used "DETEX" as its mark and logo since May 4, 1923.

5.    DETEX remained principally a manufacturer and distributor of watchman's clock

systems until 1963 when it first introduced a new line of security hardware products and entered the

builders hardware field. These products are designed primarily for use in the control of exits and

entries in industrial, commercial, institutional and educational buildings. As a result of this

broadening of interests, the word "watchclock" was removed from the company's name in 1964, and

Detex Corporation became the official corporation designation. In addition to distributing its

complete range of products throughout the United States, DETEX is actively involved in

international markets through a network of distributors and representatives in 48 different countries.

DETEX registered its mark with regard to time clocks, time-recording appartuses and parts for those

items on February 27, 1973.[1] It registered its mark with regard to exit control devices, including exit

---

[1]   U.S. Registration No. 954,052

alarms, exit control locks with alarms and remote indicators on October 15, 1968.[2] It registered its

mark with regard to security equipment, namely entry and exit control, data processing and recording

units on January 17, 1989.[3] DETEX has spent millions of dollars developing and promoting its

products to meet the highest of standards and enhancing the goodwill attached to its mark.

6.       DETEX's mark is inherently distinctive. Further, as a result of the long-term and

continuous use of the mark, the commercial success of its products and the substantial advertising

and promotional efforts made in connection therewith, the DETEX mark is famous and enjoys

enormous secondary meaning. The trade and purchasing public have come to favorably know,

recognize and identify the DETEX mark as originating with Plaintiff Detex Corporation. Plaintiff's

DETEX mark has come to represent the very substantial and valuable good will and reputation of

Plaintiff in the watchclock and security industries.

7.       Defendant Rick Stone was the Chief of Police for the City of Wichita, Kansas from

May 1989 until June 1995. (Ex. A, p. 2). In October 1996, he became the Chief of Police for the

City of Hollywood, Florida, a position he held until October 1999. (Ex. A, pp. 2-3) Also in October

1996, Rose M. Stone, Defendant Rick Stone's wife at the time, began doing business as Detex

Coins, Box 221353, Hollywood, FL, 33020. (Ex. B). Rose Stone died of brain cancer on or about

July 2, 1998. (Ex. C). The Detex Coins d/b/a was renewed in January 2001 and the owner's name

was changed from Rose Stone to "R. Stone." (Ex. D). Upon information and belief, "R. Stone"

refers to Defendant Rick Stone. In approximately May of 2000, Defendant began to promote and

sell a novel he authored entitled "Behind the Gold Star." (Ex. E). "Behind the Gold Star" claims

---

[2]   In use since September 17, 1963, U.S. Registration No. 858,562.

[3]   In use since July 28, 1987, U.S. Registration No. 1,520,663.

to expose "seven days in the life of a police chief struggling against bureaucratic stupidity, personal conflicts and his own department's collection of screw-ups, lunatics and peculiar happenings." (Ex. F). From the outset, Defendant claimed that his products were affiliated with and endorsed by Plaintiff.

8.     In September 2000, one of Plaintiff's clients forwarded to it an unsolicited commercial email (commonly referred to as "spam") from Defendant promoting the book and claiming the book was affiliated with DETEX. At that time, Defendant was using a logo identical to Plaintiff's mark. On October 4, 2000, DETEX's attorney, Molly Buck Richard, sent Defendant a letter providing him a copy of DETEX's trademark registrations and demanding that he immediately cease all use of the DETEX mark to avoid the possibility of confusion with DETEX and to avoid further dilution of DETEX's trademark rights. (Ex. G).

9.     On October 12, 2000, Defendant responded by letter claiming that he had registered Detex as his mark in 1982. (Ex. H). A cursory search of the United States Patent and Trademark Office online database reflects no such registration. Defendant also made a minor revision to his logo and demanded that Plaintiff pay for letterhead, envelopes and stationary containing the logo as revised. (Ex. H).

10.     On October 12, 2000, via facsimile and November 2, 2002, via first class mail, DETEX responded to Defendant's letter and demanded that he cease and desist from using the DETEX mark and name. (Exs. I and J). Defendant did not respond. DETEX followed up those letters with additional letters on January 12, 2001 and February 26, 2001. (Exs. K and L). Defendant did not respond to either and the latter letter was returned as unclaimed on or about March 26, 2001. (Ex. M).

Plaintiff's Original Complaint - Page 4

11.     Defendant has represented and continues to represent that his book is affiliated with Plaintiff Detex Corporation (Exs. A, F, H, N and O) and has refused to cease his infringement upon and dilution of Plaintiff's marks despite numerous requests.  This suit followed.

## IV. CAUSES OF ACTION

### A.     FALSE DESIGNATION/FALSE DESCRIPTION

12.     DETEX repeats and realleges each and every allegation contained in paragraphs 1 - 11 of this Complaint as though fully set forth herein.

13.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant's use of the mark DETEX as alleged hereinabove is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's novel and ancillary products to Plaintiff, and misrepresents the nature, characteristics, and qualities of those items, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### B. TRADEMARK INFRINGEMENT

14.     DETEX repeats and realleges each and every allegation contained in paragraphs 1 - 13 of this Complaint as though fully set forth herein.

15.     This cause of action arises under section 32 of the Lanham Act, 15 U.S.C. § 1114.

16.     Defendant's use and sale of the mark DETEX as alleged hereinabove is likely to cause confusion, mistake or deception as to the source, sponsorship, or approval of the novel and ancillary products sold by Defendant in that others are likely to believe that Defendant is in some way legitimately connected with, sponsored or licensed by, or otherwise related to DETEX.

17.     Defendant's use and sale of the DETEX mark was made with actual or constructive knowledge of DETEX's rights in the DETEX mark.

18.     Defendant's use and sale of the DETEX mark is without DETEX's consent or permission.

19.     Defendant's use and sale of the DETEX mark constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

## C. TRADEMARK DILUTION

20.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 19 of this Complaint as though fully set forth herein.

21.     This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

22.     By virtue of DETEX's extensive use, sales, advertising, and promotion of goods and services under the mark DETEX, that mark has become famous throughout the United States.

23.     Defendant's use and sale of the DETEX mark as alleged hereinabove constitutes dilution of the distinctive quality of the DETEX mark in violation of the Federal Trademark Dilution Act of 1995, Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

24.     Defendant has willfully diluted DETEX' famous DETEX mark in violation of 15 U.S.C. § 1125(c), and DETEX is therefore, without limitation, entitled to the remedies set forth in 15 U.S.C. § 1117.

## D.     TRADEMARK DILUTION

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 24 as though fully set forth herein.

26.     This cause of action arises under the Texas anti-dilution statute, Texas Business & Commerce Code § 16.29.

Plaintiff's Original Complaint - Page 6

27.     Defendant's use and sale of the DETEX mark as alleged hereinabove constitutes dilution of the distinctive quality of the DETEX mark in violation of Texas Business & Commerce Code § 16.29.

### E.     TRADEMARK INFRINGEMENT AND MISAPPROPRIATION

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 27 as though fully set forth herein.

29.     Defendant's use and sale of the DETEX mark as alleged hereinabove is likely to cause confusion between Defendant's products and those of Plaintiff; and such use misappropriates and trades upon the fine reputation and goodwill of DETEX in the DETEX mark, thereby injuring that reputation and goodwill; and unjustly diverts from DETEX to Defendant the benefits arising therefrom.

30.     Defendant's unlawful activities constitute trademark infringement and misappropriation as proscribed by Texas common law.

### V. INJURIES AND DAMAGES

31.     The Plaintiff has been damaged by the foregoing acts of the Defendant in at least the following respects:

       a.     Plaintiff has lost and will continue to lose valuable goodwill;

       b.     Defendant has obtained unjust enrichment;

       c.     Plaintiff has incurred expenses in counteracting the effect of Defendant's use of its mark.

### VI. PRAYER

WHEREFORE, Plaintiff Detex Corporation respectfully requests that:

1.      The Court find that DETEX owns valid and subsisting trademarks;

2.      Defendant, his agents, servants, employees, and attorneys, and all other persons in active concert or participation with him, be enjoined from using or selling DETEX (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or two, whether used along or in combination with any word(s), punctuation or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of DETEX, as a trademark or service mark, trade name or domain name, or in the advertising, distribution, sale, or offering for sale of Defendant's products and/or services.

3.      Defendant be required to withdraw, cancel or abandon any and all registrations or applications to register any trademarks, trade names, or domain names containing DETEX (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or two, whether used alone or in combination with any word(s), punctuation or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the DETEX mark.

4.      Defendant be required to pay to DETEX its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equitable powers of this Court.

5.      Defendant be required to pay to DETEX the costs of this action.

6.      Plaintiff be awarded all other and further relief to which it may show itself to be justly entitled.

Plaintiff's Original Complaint - Page 8

Respectfully submitted,

**TAYLOR & DUNHAM, L.L.P.**
327 Congress Avenue, Suite 600
Austin, Texas  78701
(512) 473-2257
Facsimile (512) 478-4409

By:_____
     Donald R. Taylor
     State Bar No. 19688800
     Steven D. Urban
     State Bar No. 24028179
     **ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED
## AND CONTAINED IN FOLDER

Civil Case No.          A-03-CA–047-JN

Detex Corp.

VS.

Rick Stone, et al.

Attachments to
Document #:          1

Description:          Exhibits to Complaint

Filed By:          Detex Corp.

File Date:          1/29/03

_____
DEPUTY CLERK